Filed 3/7/24  P. v. Duenas CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JULIO DUENAS,<br><br>    Defendant and Appellant. | B330378<br><br>(Los Angeles County<br>Super. Ct. No. KA088051) |

APPEAL from an order of the Superior Court of Los Angeles County, Mike Camacho, Judge.  Affirmed.

Jennifer Peabody, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————————

Because this appeal is determined by well-settled legal principles, we decide the matter by memorandum disposition. (Cal. Stds. Jud. Admin., § 8.1.)

In 2011, a jury convicted defendant and appellant Julio Duenas of one count of first degree murder, three counts of willful, deliberate, and premeditated attempted murder, and one count of possession of a firearm by a felon, and found true numerous enhancement allegations. Defendant admitted to suffering prior convictions subjecting him to sentencing under the "Three Strikes" law. The trial court sentenced him to 275 years to life plus 46 years. On appeal we identified errors with two of the enhancements. On remand the trial court resentenced defendant to 275 years to life plus 40 years.

In May 2022, defendant filed a petition for resentencing under Penal Code[1] former section 1170.95.[2] The resentencing court appointed counsel for defendant and received a response to the petition from the prosecutor. The court then held a hearing at which defendant's counsel submitted on defendant's petition and the prosecutor submitted on the response. The court denied the petition, finding defendant was "the sole shooter," and "[t]he jury was not instructed on any theory of liability which would otherwise make Mr. Duenas eligible for relief."

Defendant appealed, and appointed counsel filed a brief identifying no arguable issues. We invited defendant to file a supplemental brief, which he did.

---

[1] Unspecified statutory citations are to the Penal Code.

[2] The Legislature has since renumbered former section 1170.95 as section 1172.6, without substantive change. (*People v. Lee* (2023) 95 Cal.App.5th 1164, 1174 (*Lee*).)

2

Because this is an appeal from a denial of postconviction relief under former section 1170.95, we are not required to conduct an independent review of the record, as we might be in a direct appeal from a criminal conviction. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 221–222; see *People v. Wende* (1979) 25 Cal.3d 436.) When a defendant files a supplemental brief, however, we are "required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Delgadillo*, at p. 232.)

In his supplemental brief, defendant argues he did not commit the murder of which he was convicted and was not "the actual shooter." He further argues his sentence was excessive in light of recent legislative enactments. He argues that because his resentencing petition was "facially sufficient," he was entitled to discovery and review of the entire record. He also contends he was unable to take the stand at his trial because he had been accused by someone of snitching, and testifying would put defendant's and defendant's family's lives in danger.

These arguments do not compel reversal. "Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill No. 1437) (Stats. 2018, ch. 1015) amended sections 188 and 189 of the Penal Code to 'eliminate[ ] natural and probable consequences liability for murder as it applies to aiding and abetting, and [to] limit[ ] the scope of the felony-murder rule.' [Citation.]" (*Lee*, *supra*, 95 Cal.App.5th at p. 1173.) The bill also added former section 1170.95, now numbered section 1172.6, "which creates a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 957.) Relief is potentially available for "[a] person convicted of felony murder or murder

3

under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter." (§ 1172.6, subd. (a).)

We have reviewed the jury instructions from defendant's trial. The trial court did not instruct the jury on felony murder, the natural and probable consequences doctrine, or any other theory of aiding and abetting or imputed malice. The resentencing court therefore correctly found defendant ineligible for relief, and defendant was not entitled to further discovery or evaluation of the record. Defendant's arguments that the jury wrongly found he was the actual shooter, that his sentence is excessive, and that he was unable to testify at his trial are beyond the scope of a proceeding under section 1172.6 or former section 1170.95, which looks solely to whether the petitioner was convicted of murder, attempted murder, or manslaughter under a theory invalidated by Senate Bill No. 1437.

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.

BENDIX, J.

We concur:

ROTHSCHILD, P. J.                    WEINGART, J.

4